### J. K. ELLIOTT and Another v. T. E. McALLISTER.[1]

October 16, 1908.

Nos. 15,883—(138).

**Pleading—Answer.**

>   In this, an action to recover for moneys advanced and commissions on purchases and sales of wheat for the defendant by the plaintiffs as grain brokers, it is *held* that neither by the answer nor by the defendant's testimony was the plaintiffs' alleged cause of action admitted.

Action in the district court for Hennepin county to recover $659.86, amount alleged to have been paid out and for commissions earned by plaintiffs as agents for defendant in the purchase and sale of wheat. The case was tried before Brooks, J., who directed a verdict in favor

[1] Reported in 117 N. W. 921.

of defendant. From an order denying plaintiffs' motion for a new trial, they appealed. Affirmed.

*Benton, Molyneaux & Morley,* for appellants.

*Mead & Robertson,* for respondent.

START, C. J.

This action was brought in the district court of the county of Hennepin to recover from the defendant the sum of $659.86 for moneys paid and commissions earned by the plaintiffs in the purchase and sale of wheat for the defendant as his agent. At the close of the evidence the trial court directed the jury to return a verdict for the defendant, which was done, and the plaintiffs appeal from an order denying their motion for a new trial.

The only question raised by the assignment of errors is whether the trial court erred in directing a verdict for the defendant. The plaintiffs in their brief urge, in support of their contention that the instruction was erroneous, that the answer admitted their cause of action as alleged in the complaint, and, further, that the defendant admitted it on the trial in giving his testimony. If either of these claims is justified by the record, it follows that the instruction was erroneous, and that there must be a new trial of the cause; but, if neither claim is sustained by the record, the order appealed from must be affirmed, for it is not claimed by plaintiffs that, independent of the alleged admissions, the evidence made a case for the jury.

The first question, then, is: Does the answer admit the plaintiffs' cause of action? After alleging that the plaintiffs were grain brokers, doing business as such, and the rules and methods of business of the Minneapolis Chamber of Commerce, the complaint alleged that plaintiffs, at the request of the defendant, bought and sold, as such brokers, for him, wheat at various times from May 26 to June 13, 1900, inclusive, as shown by a detailed statement set out in the complaint, giving dates of purchase and sale, number of bushels and prices, and showing a net loss of $593.75. The complaint also alleged that the plaintiffs, at the request of the defendant, advanced and paid for him on such sales the sum of $593.75, the amount of such net losses, and, further, that the commissions on such transactions amounted to $62.50.

The answer denied each and every allegation of the complaint not expressly admitted in the answer. It then affirmatively alleged that in the months of May and June, 1900, the defendant employed the plaintiffs to make purchases and sales of wheat for future delivery, with the mutual understanding and agreement that no wheat was to be delivered or received by either party on such transactions; that such purchases and sales and such transactions were to be mere wagers upon the future rise and fall of the market price of wheat at Minneapolis, the account of which is particularly set forth in the itemized statement in the complaint, the plaintiffs to receive as their compensation one-eighth of one per cent. on the amount of such purchases and sales; that all such purchases and sales were made pursuant to such mutual understanding; that all of such transactions were to be settled at a future time by the payment of differences, to wit, the difference between the contract of purchase or sale price and the market price on the day of the settlement, and that neither party to the transaction should be required to deliver or receive any wheat; that all of such transactions involved and were simply gains or losses depending upon the future rise or fall of the market price, and that none of such wheat, or any wheat, was or was to be demanded, tendered, delivered, or received in any of said purchases or sales; and, further, that each and all of them were not veritable purchases or sales of wheat, but were colorable, and were wagers and gambling transactions, whereby plaintiffs, in form, undertook to buy and sell on the Minneapolis Board of Trade, ostensibly for future deliveries, wheat, but without any intention or expectation on the part of the plaintiffs or defendant, or any one else, that the same would be actually delivered. The reply put in issue these allegations of the answer.

Counsel for plaintiffs urge that the answer must be construed as admitting that wheat was actually purchased and sold by them for the defendant, and money advanced by them for him, as alleged in the complaint; hence the only issue tendered by the answer was whether the sales were gambling transactions. It is clear that the allegations of the complaint, to the effect that the plaintiffs bought and sold wheat for the defendant and advanced money for his use, at his request, were put in issue by the denials in the answer. The affirmative allegations of the answer, which are relied upon as an admission of

the plaintiffs' cause of action, must be construed in connection with such denials. So construing them, it is obvious that they do not admit that the plaintiffs ever made any actual and legal purchases and sales of wheat for the defendant, but only colorable and gambling sales or transactions, "the account of which is particularly set forth in the complaint."

The claim of the plaintiffs that the defendant admitted the plaintiffs' cause of action on the trial is based solely upon testimony given by the defendant upon being called by plaintiffs for cross-examination. It was this: "Q. You have admitted here in your answer, Mr. McAllister, under oath, that this statement of account contained in the complaint is correct, and that these sales were made upon your order. Is that true? A. That is true. * * * Q. Well, you ordered these sales made by telegram? A. I did, I believe; all that I had made. Q. All these purchases you ordered by telegram, isn't that so? A. I think it was all by wire." This testimony must be construed with reference to the answer, which did not admit that any actual sales of wheat were ever made, but only colorable ones. It is quite apparent, from the testimony quoted, that it was such sales that defendant had in mind when he answered the question; for it referred to the admission in the answer. When, however, the entire testimony of the witness with reference to the purchase and sale of wheat for him by the plaintiffs is considered, there is no substantial basis for the claim that the defendant admitted on the trial the plaintiffs' cause of action.

We therefore hold that neither by his answer, nor by his testimony, did the defendant admit the plaintiffs' alleged cause of action.

Order affirmed.